849 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Peter James ATHERTON, Plaintiff-Appellant,
v.
UNITED STATES of America; Nuclear Regulatory Commission;
United States Secret Service, Department of the Treasury;
St. Elizabeth's Hospital, Washington, D.C.; Jimmy Carter,
President; D. Tondi; T. Ippolito; R. Ferguson; W.
Butler; D. Eisenhut; V. Stello; R. Zavadoski; G. Benoit;
Plum Picchi; Washington, D.C., Metro Police Department,
Defendants-Appellees.
 No. 87-1193.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 20, 1988.
Decided: June 6, 1988.
 
 Peter James Atherton, appellant pro se.
 Dennis Edward Szybala, Assistant United States Attorney; Charles Luverne Reischel, Office of Corporation Counsel, for appellees.
 Before JAMES DICKSON PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Peter Atherton brought this action against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 1346(b), 2671 et seq., and against the individual defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). On defendants' motion, the district court dismissed the action. We affirm.
 
 
 2
 Atherton alleged in his FTCA claim that the Secret Service and the Nuclear Regulatory Commission (NRC) committed the tort of intentional infliction of emotional distress. In his complaint, Atherton points to incidents which occurred in 1978, 1983 and 1984 as proof of his claim.
 
 
 3
 Under 28 U.S.C. Sec. 2401(b), a tort claim against the government is barred unless an administrative claim has been presented to the appropriate agency within two years of the accrual of such claim. Atherton's administrative tort claim was presented on January 14, 1986. Thus, all allegedly tortious acts occurring before January 14, 1984 are barred by the statute of limitations.
 
 
 4
 Only two incidents discussed in Atherton's complaint are not time-barred. First, Atherton learned in 1986 that in 1983, the Secret Service allegedly attempted to monitor and interfere with a meeting Atherton had with Congressman Frank Wolf. Second, in February of 1984, a Secret Service agent named "Plum" Picchi and a state police officer briefly detained Atherton at the Virginia State Capitol. Even assuming these incidents occurred in the manner described by Atherton, the Secret Service agents' conduct did not amount to the intentional infliction of emotional distress. Under the Virginia law which governs this FTCA claim, one of the elements of the tort of intentional infliction of emotional distress is that the tortfeasor's conduct must be outrageous and intolerable in that it offends against generally accepted standards of decency and morality. Womack v. Elridge, 215 Va. 338, 210 S.E.2d 145 (1974).
 
 
 5
 The record is clear that in this case the Secret Service agents were simply performing their duties in a conscientious and responsible manner. In neither case was Atherton unduly harassed or interfered with. In no sense could the agents' conduct be characterized as outrageous. Accordingly, this claim was properly dismissed.
 
 
 6
 We are unpersuaded by Atherton's attempts to demonstrate a continuing pattern of harassment on the part of the NRC and the Secret Service. Atherton's contention that the government has embarked on an active campaign to destroy his career and otherwise ruin his life is wholly unsupported by the evidence and seems based largely on his propensity to see the hand of the Secret Service in every misfortune which befalls him. Thus, we decline to accept Atherton's continuing tort theory as a way of avoiding the previously described statute of limitations problem or as a means of providing the required element of "outrageous conduct" in his tort claim.
 
 
 7
 Atherton's Bivens claims are equally without merit. On appeal, Atherton has abandoned the bulk of his Bivens claims, realizing that they are barred by the statute of limitations. However, Atherton seeks to maintain those Bivens claims against the individuals "who participated in the continuing tort of police harassment and blacklisting."
 
 
 8
 There are numerous reasons why these claims must fail. First, Atherton is unable to identify by name any individual who participated in alleged violations of his rights. Second, as discussed above, Atherton has failed to demonstrate the existence of a continuing tort. Finally, Bivens actions are available only against federal employees who violate an individual's rights under the Constitution. Atherton has failed to allege that any individual has violated his constitutional rights and Bivens does not provide a vehicle for recovery for non-constitutional torts. We hold the district court properly dismissed this claim.
 
 
 9
 Finally, we deny Atherton's motion for remand. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 10
 AFFIRMED.